423 A.2d 711

Donald L. DICKSON and Jean J. Dickson, h/w, Appellants,

v.

PENNSYLVANIA POWER AND LIGHT COMPANY.

Superior Court of Pennsylvania.

Argued June 19, 1979.

Filed July 18, 1980.

Reargument Denied Nov. 3, 1980.

Petition for Allowance of Appeal Denied Dec. 18, 1980.

54

James A. Schneider, Hazleton, for appellants.

George A. Spohrer, Wilkes–Barre, for appellee.

Before HESTER, HOFFMAN and CATANIA *, JJ.

CATANIA, Judge:

This action was brought in equity for an injunction to prohibit the Pennsylvania Power and Light Company (hereinafter PP&L) from entering upon the Dicksons' land, erecting or constructing high voltage line over plaintiffs' land, cutting trees, bulldozing or in any other way destroying or altering plaintiffs' land. The lower court denied said injunction and ordered the Dicksons to remove the obstruction which they placed on their land. This obstruction was their residence.

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

By deed dated July 28, 1972, and appropriately recorded in Luzerne County, Carl G. Sharrow and Sheila L. Sharrow, his wife, conveyed 61,025 acres of land situate in Hollenback Township, Luzerne County, to Donald L. Willard and Dorothy Ann Willard, his wife. Donald and Dorothy Willard conveyed a right–of–way grant to PP&L on March 19, 1973. That right–of–way grant gave PP&L an easement on a 200 foot wide strip which was described in the agreement as being shown on a plan attached thereto. However, the plan was not attached to the agreement when the agreement was filed. That agreement created an easement giving PP&L the right to construct, operate and maintain and from time to time reconstruct its electric line, including such poles, towers, cables and wires above it, under the surface of the ground, upon, across, over, under and along a strip of land 200 feet in width on land which belonged to the Willards in Hollenback Township.

On August 17, 1973, Donald L. Willard and Dorothy Ann Willard conveyed the entire parcel of 61.025 acres of land to Donald R. Jacob and Donna Dorothy Jacob, his wife, and that deed was recorded on August 21, 1973 in Luzerne County.

On May 18, 1976, Donald and Donna Jacob conveyed 5.089 acres of the same land to the appellants, Donald and Jean Dickson for a consideration of seventy–five hundred dollars ($7500). This deed was appropriately recorded. As aforesaid, what has apparently caused the problem here is that the agreement between PP&L and the Willards giving them the easement did not specifically describe the property over which they had an easement, but referred to an attached plan which was admittedly never attached to the agreement when the agreement was filed. It is the position of PP&L and apparently the position of the lower court that when the attorney for the Dicksons conducted a title search, he should have noted that in the chain of title, the Willards had sold an easement to PP&L. It would then be their further position that although the property was not appropriately described, the attorney should have contacted either the

Willards or PP&L to see if, in fact, that easement was over the 5 acres which were being purchased by his client.

Shortly after the Dicksons purchased this property they began to erect a residence on the property and temporary electric service to the property was provided by PP&L to the plaintiffs in March of 1976. Thereafter, and prior to March 29, 1977, PP&L supplied permanent electric service to the residents located on the Dicksons' property. The Dicksons also testified that prior to going to settlement on the purchase of their property, Mr. Dickson walked over the entire property and found no evidence thereon of any stakes or markings or anything of PP&L's which would indicate that PP&L had any interest in the property. The property was apparently unimproved ground. In May, 1977, PP&L advised the defendants that they were intending to construct a high voltage power transmission line over portions of the Dicksons' property and the Dicksons would be required to tear down their house. The Dicksons thereafter requested the injunction which is the subject of this law suit.

The basic law involved in this matter is not at issue. Notice that land is burdened with an easement is imputed to a purchaser of that land by a properly recorded instrument in which the easement is granted. *Baltimore and Ohio Railroad Company v. Wilson Snyder Manufacturing Company*, 279 Pa. 219, 123 A. 858 (1924). Specific performance of an agreement of sale will not be granted unless the terms of the agreement are sufficiently set forth and the property to be conveyed is sufficiently identified and described. *Pierro v. Pierro*, 438 Pa. 119, 264 A.2d 692 (1970). Where a description is sufficient so that one may determine the exact limits of the property included by reference to a plan, deed or other similar records, the law is satisfied. *Cheney v. Carver*, 370 Pa. 543, 88 A.2d 746 (1952). Ladner on Conveyancing in Pennsylvania states in section 6:09 at page 152, 264 A.2d 692 that, "no deed will be operative unless the description is sufficient for . . . identification. While it need not be technically accurate, the description must be clear and sufficiently precise to enable a surveyor to locate and identify the property."

It is admitted in this case, that there was absolutely no description provided. Therefore, in accordance with the above cases, it appears clear that the attorney for the Dicksons would not be on notice by reading the deed and agreements which were on file in Luzerne County. In fact, there was testimony that the Willards owned two other large parcels of land in Luzerne County besides the 61 plus acres parcel in question here. The agreement on record merely stated that the Willards were conveying an easement on certain property they owned in Hollenback Township. The question then becomes–should the attorney have contacted PP&L and or the Willards to determine if that right–of–way was on this 5 acre parcel or some other parcel of land owned by the Willards.

This Court believes that it is extremely important to note that PP&L, upon request by the Dicksons, supplied temporary electric service to the Dicksons and later permanent electric service when they had completed the erection of their home. This Court believes that PP&L should also have some responsibility in this matter because they allowed the Dicksons to make substantial improvements to their home when they, PP&L, were or should have been on at least, if not greater, notice than were the Dicksons as to the existence of the easement. This Court certainly recognizes that PP&L is a big company and that one branch of the company might not know what another branch of the company has done. However, this Court does not believe that because they are a big company, they should be held to a lesser standard of care than an individual would be. If an individual had received this easement and later that individual allowed the Dicksons to improve their property and assisted them in doing so, that individual would not be permitted to require them to destroy the improvements a few months later. Likewise, in this case, this Court, sitting at equity, should not allow PP&L to require the Dicksons to suffer and to have to remove their improvements.

The negligence of PP&L in failing to attach a property description to its agreement which was recorded in 1973, and

the further compounding of that negligence by assisting the Dicksons in the erection of a home on PP&L's right–of–way, cannot be excused in this matter. Therefore, we reverse the decision of the lower court refusing to grant the injunction requested by the Dicksons in that matter.