IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Condemnation by the North Strabane :  
Township Municipal Authority,   :  
Washington County, Pennsylvania,   :  
for Acquisition of Property for   :  
Municipal Purposes in the Township :   No. 1152 C.D. 2016
of North Strabane, Being the Lands of :   ARGUED: April 6, 2017
Lawrence D. Fowler and Cynthia L.   :  
Fowler, and Being Known as Parcel   :  
ID No. 520-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-00   :  
  :  
Appeal of: Lawrence D. Fowler and   :  
Cynthia L. Fowler   :  


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                 FILED: August 18, 2017


Lawrence D. and Cynthia L. Fowler (Fowlers) appeal from the June 24, 2016 order of the Court of Common Pleas of Washington County (trial court) that overruled the Fowlers' preliminary objections to a Declaration of Taking (Declaration) under the Eminent Domain Code (Code)[1] filed by the North Strabane Township Municipal Authority (Authority). For the reasons set forth below, we reverse.

---

[1] 26 Pa. C.S. §§101 – 1106.

On November 8, 2015, the Authority filed a Declaration seeking to take part of the real property owned by the Fowlers and convert it to a municipal use. Specifically, the Authority seeks a 25-foot sewer easement to place and maintain an underground sewer line.

On November 30, 2015, the Fowlers filed preliminary objections to the Declaration, raising six points of contention. The Fowlers argued that (1) the Authority's resolution (Resolution) authorizing the taking is insufficient under section 302(b)(3) of the Code, 26 Pa. C.S. § 302(b)(3), because it fails to properly identify the Fowlers' property; (2) it was a *de facto* taking because it interferes with the Fowlers' use and enjoyment of their property; (3) the affidavit to the Declaration was improperly executed by the Authority's solicitor because the Resolution did not authorize the solicitor to sign the Declaration, the affidavit does not contain a notary seal as required by 18 Pa. C.S. §4904, and the affidavit was signed by the solicitor who has entered an appearance on behalf of the Authority in violation of Pa. R.C.P. No. 1002; (4) the Authority did not properly notify the Fowlers because the notice of condemnation (Notice) failed to include a metes and bounds description or plan of the taking, was improperly titled, and failed to contain information about the case, including the filing date and docket number; (5) the Authority failed to give security for the taking because it did not post a bond as required by 26 Pa. C.S. § 303(a); and (6) the Authority failed to properly serve the Notice because it delivered the Notice and the Declaration at the same time, in violation of 26 Pa. C.S. § 305, which states that notice must be delivered "within 30 days after the declaration of taking has been filed."

2

On June 24, 2016, the trial court issued a Memorandum Order overruling the Fowlers' preliminary objections. The Fowlers appealed to this Court.[2] The trial court thereafter filed its 1925(a) Opinion. Having reviewed all of the issues raised by the Fowlers, we find that many merit no relief. However, the issues discussed below require reversal of the trial court's order.

The Fowlers contend that the trial court erred in not finding the taking excessive when the Declaration purported to condemn the Fowlers' property "in and about, on and around the said right of way and easement, *for any purposes whatsoever*…." (Declaration, ¶ 4, at 4 (emphasis added).)

The Declaration continues on to state:

> including, but not limited to, the installation, construction, maintenance, relaying, paralleling, enlarging, and supplementing of a sewer line, manholes, riparian vegetation, and appurtenances with the right of ingress, egress, and regress to and from said right of way and easement for the purpose of installing, constructing, maintaining, relaying, paralleling, enlarging and supplementing said sewer line, manholes, riparian vegetation, and appurtenances, together with all appurtenances or parts thereto pertaining and for the transportation of personnel, equipment, and supplies by foot, motor vehicle, and machine over and across said right of way and easement.

---

[2] Our review of a trial court's order overruling preliminary objections is limited to whether the trial court abused its discretion or committed an error of law. *In re Condemnation by the City of Coatesville of Certain Properties and Property Interests for Use as a Public Golf Course*, 822 A.2d 846, 849 n.6 (Pa. Cmwlth. 2003).

(*Id.*) The trial court determined that the "for any purpose whatsoever" language "is used as a catch-all provision for maintenance and upkeep issues but would not allow the [Authority] to use [the Fowlers'] property for literally any reason…." (Trial Ct. Op. at 4.) We disagree.

"It is well settled that private property may be taken for public purposes *only in such an amount and to such an extent as these purposes reasonably require.*" *In re Condemnation by Beaver Falls Municipal Authority for Penndale Water Line Extension*, 960 A.2d 933, 937 (Pa. Cmwlth. 2008) (citation omitted). "[I]nasmuch as property cannot constitutionally [be] taken by eminent domain except for public use, no more property may be taken than the public use requires – a rule which applies both to the amount of property and the estate or interest to be acquired." *Id.* (Citation omitted). Here the Authority uses excessively broad language in both the Declaration and the Notice stating it is taking the property "for any purpose whatsoever." To allow the Authority access "for any purpose whatsoever" invites abuse, as this stated purpose is much more than what is reasonably required.[3]

Next, the Fowlers contend that the trial court erred in finding that the Notice contained all of the elements required by sections 304 and 305(c) of the

---

[3] In the Authority's Sanitary Sewer Easement (Easement), which was attached to the Declaration but not signed or notarized by either party, the Authority proposes to grant a right-of-way "for the purpose of laying, maintaining, relaying, paralleling, enlarging, supplementing, and installing a sanitary sewer line, manholes, riparian vegetation, and appurtenances." (Easement, ¶ 1, at 1.) The Easement does not contain the "for any purpose whatsoever" language, and thus, is not excessive on its face.

4

Code. Specifically, the Fowlers contend that the Authority failed to provide a plan or metes and bounds description sufficient for identification of the condemned property.

The trial court found that the Authority provided a plan of the property condemned with the Declaration that was sufficient for identification, in that pursuant to 26 Pa. C.S. § 305(c)(9), "[i]n the case of a partial taking, a plot plan showing the condemnee's entire property and the area taken" is sufficient notice. We agree that a metes and bounds description is not required.[4] However, the plan referred to by the trial court is a simple drawing that fails to state whether it is to scale. The drawing also lacks any measurements of the relative distance of the taking from structures or property lines. With these omissions, the plot plan in this case would not enable a landowner, or even a surveyor, to determine the area of the taking with any degree of confidence.[5] Moreover, after a careful review of

---

[4] In *Milford Traumbauersville Area Sewer Authority v. Approximately 0.753 Acres of Land*, 358 A.2d 450, 454 (Pa. Cmwlth. 1976), this Court determined that a word description or a plan form may be used to describe the property being taken. In *Milford*, we stated that "the drawing of the proposed sewer line" that did not set forth elevations and was attached to the declaration was sufficient because it was prepared by a consulting engineer and "taken from both deed book and tax parcel recordings" and was "sufficient to give Condemnee the requisite notice of that portion of his tract to be taken." *Id.*

[5] We find *Dickson v. Pennsylvania Power and Light Company,* 423 A.2d 711 (Pa. Super. 1980) to be instructive on the question of whether a property description or plan is "sufficient for identification." In that case, enforcement was sought of a recorded document granting an easement to a utility. The document stated that the easement was shown on an attached plan, but no such plan was attached. Our Superior Court stated—

> The basic law involved in this matter is not at issue. . . Where a description is sufficient so that one may determine the exact limits of the property included by reference to a plan, deed or other similar records, the law is satisfied. . . Ladner on Conveyancing in Pennsylvania states. . . that, "no deed will be operative unless the description is sufficient for. . . identification. While it need not be technically

**(Footnote continued on next page…)**

5

the original record, we cannot conclude that there exists substantial evidence to support the trial court's finding that the plan was actually attached to the Notice.[6] Absent the plan, the Notice lacks a description of the property to be taken that would be sufficient for identification. Based upon the record provided, this Court is unable to affirm the trial court's finding that the Notice satisfied sections 304 and 305(c) of the Code. *See* Pa.R.A.P. 1921; *Eichman v. McKeon*, 824 A.2d 305 (Pa. Super. 2003).

The Fowlers also contend that the trial court erred in finding that the Authority properly served the Notice in accordance with section 305(a) and (b) of the Code, 26 Pa. C.S. § 305(a) and (b).

Section 305(a) of the Code requires service of the Notice upon condemnees within 30 days after the filing of the Declaration. Here, the Authority served the Notice upon condemnees at the same time that it served the Declaration. Therefore, the Notice, which was served within 30 days, not after 30 days, was timely. The statute does not require the items to be served separately.

However, pursuant to section 305(b)(1) of the Code, Notice is required to be served "by any competent adult in the same manner as in a civil

---

**(continued…)**

accurate, *the description must be clear and sufficiently precise to enable a surveyor to locate and identify the property*."
*Dickson*, 423 A.2d at 712-13 (emphasis added).

[6] The Notice is located at section 1 of the original record. Though the plan can be found in other sections of the original record, the plan is not included in section 1.

action or by registered mail to the last known address of the person being served." Here, the Authority did not personally serve the Fowlers, but sent the documents via certified mail[7] and regular mail. The certified mail was returned as unclaimed, while the first-class mail was not returned.

Section 305(b)(2) of the Code provides that "[i]f service cannot be made in the manner set forth under paragraph (1), then service *shall* be made by posting a copy of the notice upon the most public part of the property and by publication of a copy of the notice, omitting the plot plan required by subsection (c)(9), one time each in one newspaper of general circulation and the legal journal, if any, published in the county." (Emphasis added.) The Authority did not attempt service pursuant to section 305(b)(2) after service was not made pursuant to 305(b)(1). Thus, the Authority failed to properly serve the Fowlers.[8]

Next, the Fowlers contend that the trial court erred in permitting the Authority to file the Declaration without a bond in violation of section 303(a) of the Code. Section 303(a) of the Code states:

---

[7] The Statutory Construction Act of 1972, 1 Pa. C.S. § 1991, provides that registered mail includes certified mail.

[8] The Authority also argues because the Fowlers received the information required in section 305(d) of the Code, that service was proper. We disagree. Section 305(d) of the Code provides that: "*Service* of a copy of the declaration of taking, together with the information and notice required by subsection (c)(2), (8), (9), and (13), shall constitute compliance with the notice requirements of this section." 26 Pa. C.S. §305(d) (emphasis added). Section 305(d) of the Code still requires "service." Thus, the service would still be improper.

7

> Except as provided in subsection (b), [which allows a condemnor with the power of taxation to forgo filing a bond with the declaration of taking,] every condemnor *shall* give security to effect the condemnation by filing with the declaration of taking its bond, without surety, to the Commonwealth for the use of the owner of the property interests condemned, the condition of which shall be that the condemnor shall pay the damages determined by law.

26 Pa. C.S. §303(a) (emphasis added).

Here, the Authority failed to file a bond with the Declaration. There is an exception to the bond requirement in situations where the condemnor has taxing power. *See* 26 Pa. C.S. § 303(b). However, the Authority does not have taxing power. In *In re City of Scranton*, 572 A.2d 250, 256 (Pa. Cmwlth. 1990), this Court looked at the sufficiency of a bond and determined that "where sufficient funds were available from other sources to cover the costs, condemnation would constitute sufficient surety." However, *In re City of Scranton* deals with the amount of the security and an authority's ability to provide sufficient security, not with a bond not being filed at all. *Id.* at 255-56. In *In re Condemnation of Redevelopment Authority*, (Pa. Cmwlth., No. 41 C.D. 2011, filed February 22, 2013) (unreported), this Court determined that a bond did not need to be posted for fees and costs, but did need to be posted to secure a taking.

Here, the trial court determined that the Authority has sufficient funds to cover the costs and is not required to file a bond. "[T]he judgment of the trial court as to the amount of the security will only be disturbed where there is a manifest abuse of discretion." *In re City of Scranton*, 572 A.2d at 256. However, the amount of the security is not in dispute; it is the fact that the Authority failed to

8

post a bond at all. Thus, we must find that the trial court abused its discretion in determining that no bond need be filed. The Authority is required to file a bond to secure the taking because it is not a taxing authority. *See* 26 Pa. C.S. §303(a).

For the reasons set forth above, we reverse the order of the trial court.

_____
JULIA K. HEARTHWAY, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Condemnation by the North Strabane : 
Township Municipal Authority, : 
Washington County, Pennsylvania, : 
for Acquisition of Property for : 
Municipal Purposes in the Township : No. 1152 C.D. 2016
of North Strabane, Being the Lands of : 
Lawrence D. Fowler and Cynthia L. : 
Fowler, and Being Known as Parcel : 
ID No. 520-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-00 : 
 : 
Appeal of: Lawrence D. Fowler and : 
Cynthia L. Fowler : 

O R D E R

AND NOW, this 18th day of August, 2017, the order of the Court of Common Pleas of Washington County in the above-captioned matter is reversed.

_____
JULIA K. HEARTHWAY, Judge