J-A13035-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| MARIAH A. LOHMAN AND DIANE LOHMAN, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| MUSTAFA TAYFUR | : | No. 1491 WDA 2017 |

Appeal from the Order Entered September 19, 2017
in the Court of Common Pleas of Butler County,
Civil Division at No(s): CP-10-21841

BEFORE: OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED AUGUST 21, 2018

Mariah A. Lohman and Diane Lohman (collectively, "the Lohmans") appeal from the Order denying their Motion for Summary Judgment, and granting Mustafa Tayfur's ("Tayfur") Petition to Mark Judgment Satisfied, Released and Discharged. We affirm.

In its Opinion and Order, the trial court summarized the factual background as follows:

> [The Lohmans] commenced mortgage foreclosure proceedings against [Tayfur] on June 19, 2009, seeking judgment in foreclosure in the amount of $812,754.00. On September 7, 2010, the parties filed a consent to judgment in foreclosure in the amount of $715,922.00, and [J]udgment was entered on September 9, 2010. Thereafter, on October 18, 2010, [the Lohmans] filed for a Writ of Execution. Sheriff's Sale of the property occurred on January 21, 2011, wherein the property was sold to [the Lohmans'] counsel, as agent for [the Lohmans], for "costs". On March 25, 2011, the Sheriff filed his return of Writ and recorded the deed, conveying the property to [the] Lohmans. On October 14, 2011, [the Lohmans] filed their Petition to Fix Fair

Market Value.[1]   A rule was issued for a December 14, 2011[] hearing.  On November 7, 2011, [Tayfur] filed his Answer to the Petition to Fix Fair Market Value[, wherein Tayfur requested proof that the deficiency judgment action had been commenced within the required six-month period.]  On November 14, 2011, [Tayfur] filed a Chapter 13 Bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Pennsylvania. Pursuant to a Notice of Bankruptcy and Stay, [the trial court] issued a November 17, 2011[] Order, cancelling the December 15, 2011[] hearing on the Petition to Fix Fair Market Value and continuing the matter generally, until the stay was no longer in effect.

As regards [Tayfur's] bankruptcy, during [Tayfur's] bankruptcy proceeding, the [] Lohmans filed a Notice of Claim on February 20, 2012, asserting an unsecured claim in the amount of $690,877.38.   [Tayfur] filed an objection to said claim.   In deciding the claim and objection, Bankruptcy Judge Fitzgerald issued the following:

> And now, to-wit, this 4[th] day of January, 2013, it is hereby ordered, adjudged and decreed that the objection is granted and Claim Number 6, filed on behalf of Mariah and Diane Lohman, is allowed as an unsecured claim in the amount of $603,958.17.

Counsel for [Tayfur] argues that the Chapter 13 bankruptcy proceeding was never approved for a final plan.  Furthermore, on May 3, 2017, Bankruptcy Judge Jeffrey A. Deller[] issued an [O]rder, dismissing [Tayfur's] bankruptcy case, without prejudice. That Order did not expressly preserve any issues germane to the January 4, 2013[] Judge Fitzgerald Order allowing [the Lohmans'] $603,958.17 unsecured claim.

Opinion and Order, 9/19/17, at 1-3 (unnumbered; footnote added).

_____

[1] In their Petition to Fix Fair Market Value, the Lohmans requested a deficiency judgment in the amount of $595,922.00, reflecting the difference between the original Judgment and the price for which the property would be sold.  See Motion for Summary Judgment, 7/31/17, Exhibit B (Petition to Fix Fair Market Value).

On May 15, 2017, Tayfur filed a Petition to Mark Judgment Satisfied, Released and Discharged, pursuant to the Deficiency Judgment Act, arguing that the Lohmans failed to file their Petition to Fix Market Value within six months of the date the deed had been recorded. The trial court subsequently issued a Rule to Show Cause why the Judgment should not be marked satisfied, released and discharged. The Lohmans filed a Reply on June 12, 2017, asserting that Tayfur waived his claim by failing to raise the statute of limitations as an affirmative defense in his Answer to the Lohmans' Petition to Fix Fair Market Value, and that the bankruptcy court's January 4, 2013 Order precluded Tayfur's claims.

On July 31, 2017, the Lohmans filed a Motion for Summary Judgment, and a brief in support thereof, asserting that the bankruptcy court's January 4, 2013 Order allowing the Lohmans' claim as an unsecured claim is determinative of the issues identified in their Petition to Fix Fair Market Value, and requesting that the court enter judgment in the amount of $603,958.17. Tayfur filed an Answer and New Matter on August 29, 2017. The Lohmans filed a Reply. The trial court conducted a hearing on these matters on September 6, 2017.

On September 19, 2017, the trial court issued an Opinion and Order, denying the Lohmans' Motion for Summary Judgment, granting Tayfur's Petition to Mark Judgment Satisfied, Released and Discharged, and directing the Prothonotary to mark the September 9, 2010 Judgment in favor of the

Lohmans satisfied, released and discharged. Therein, the trial court determined that the Lohmans had filed their Petition to Fix Fair Market Value beyond the six-month limitations period.

The Lohmans filed a Motion for Post-Trial Relief on September 29, 2017, which the trial court denied. The Lohmans thereafter filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, the Lohmans present the following issue for our review:

> Do the doctrines of res judicata, claim preclusion, issue preclusion, and/or collateral estoppel apply to final determinations of litigated claims by the United States Bankruptcy Court, if the debtor voluntarily dismissed his bankruptcy petition?

Brief for Appellants at 4.

With regard to deficiency judgment proceedings, "this Court is limited to determining whether there is sufficient evidence to sustain the holding of the trial court or whether it committed reversible error of law." Conestoga Bank v. Tioga Invs. II, 138 A.3d 652, 655 (Pa. Super. 2016). Additionally, our standard of review in evaluating a trial court's grant or denial of summary judgment is well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order

will be reversed only where it is established that the court committed an error of law or abused its discretion.

Good v. Frankie & Eddie's Hanover Inn, LLP, 171 A.3d 792, 795 (Pa. Super. 2017) (citation omitted).

The Lohmans argue that, based on the doctrines of res judicata and collateral estoppel,[2] Tayfur is bound by the bankruptcy court's determination, and cannot relitigate his claims in state court through his Petition to Mark Judgment Satisfied, Released and Discharged. See Brief for Appellants at 10-27. The Lohmans claim that the arguments set forth by Tayfur in his Objection to the Lohmans' Proof of Claim in the bankruptcy proceedings are identical to the arguments he raised in his Answer to the Lohmans' Petition to Fix Fair Market Value. Id. at 13-14; see also id. at 23-24 (wherein the Lohmans contend that the deficiency judgment proceedings are no different than the bankruptcy proceedings, and the bankruptcy court determined the amount of the deficiency). Additionally, the Lohmans assert that the bankruptcy court's January 4, 2013 Order, allowing the Lohmans' unsecured claim in the amount of $603,958.17, was a final determination. Id. at 14-15; see also id. at 20-21 (wherein the Lohmans argue that "[w]hen a claim is made in bankruptcy

---

[2] We observe that although the Lohmans also identify claim preclusion and issue preclusion in their Statement of Questions Involved, those concepts are encompassed by the doctrines of res judicata and collateral estoppel. See generally Chada v. Chada, 756 A.2d 39, 42 (Pa. Super. 2000) (describing res judicata as "claim preclusion," and collateral estoppel as "issue preclusion").

court and an adjudication is made on the merits of the claim, subsequent proceedings are barred by res judicata, even if the order is the result of the parties' consent."). The Lohmans also contend that, despite Tayfur's assertions to the contrary, section 349 of the Bankruptcy Code[3] does not allow Tayfur to relitigate his claims in state court. Id. at 17-20. Further, the Lohmans claim that Tayfur was aware of the limitations issue at the time of the bankruptcy proceedings, and therefore, he cannot now litigate that claim separately in state court. Id. at 21.

Initially, we must consider the timeliness of the Lohmans' Petition to Fix Fair Market Value.[4] The Deficiency Judgment Act provides, in relevant part, as follows:

> § 8103. Deficiency judgments
>
> (a) General rule.—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. …

* * *

_____

[3] Section 349 states, in relevant part, that "[u]nless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title … vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title[.]" 11 U.S.C. § 349(b)(2).

[4] We note that the Lohmans do not specifically dispute that their Petition to Fix Fair Market Value was untimely filed.

- 6 -

(d) Action in absence of petition.—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any such person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S.A. § 8103(a), (d); see also id. § 5522(b)(2) (providing that "[a] petition for the establishment of a deficiency judgment [must be filed within six months] following execution and delivery of the sheriff's deed for the property sold in connection with the execution proceedings referenced in the provisions of section 8103(a) (relating to deficiency judgments)."); Bryn Mawr Tr. Co. v. Healy, 667 A.2d 719, 722 (Pa. Super. 1995) (stating that "[t]he date of sale for purposes of the six-month statute of limitations is the date of delivery of the sheriff's deed, rather than the date of the execution sale."). Further, "it is presumed as a matter of law that a judgment is satisfied if a judgment creditor fails to proceed under the Act within the time mandated by statute." Conestoga Bank, 138 A.3d at 656.

Here, the property was sold at Sheriff's Sale on January 11, 2011, and the deed was recorded on March 25, 2011. The Lohmans filed their Petition to Fix Fair Market Value on October 14, 2011. As the trial court correctly

noted in its Opinion and Order, "[t]he time lapse between these two critical dates exceeds the six[-]month statute of limitations period." Opinion and Order, 9/19/17, at 6 (unnumbered). The trial court additionally stated the following:

> As regards [Tayfur's] Petition to Mark the Judgment Satisfied, Released and Discharged, said [P]etition was properly filed in [the trial court], as supplemental to the Butler County mortgage foreclosure proceeding. Said [P]etition asserts that the [Lohmans] … failed to file their Petition to Fix [F]air Market Value, as required by the [A]ct, within six months of the recording of the Sheriff's deed. The record supports that the Petition to Fix Fair Market Value was not filed within the requisite six[-]month time period. As such, pursuant to the mandate of 42 Pa.C.S.A. § 8103(d)[,] [Tayfur] is entitled to a court Order, directing the Prothonotary to mark the judgment satisfied, released and discharged.

Id. at 8 (unnumbered; footnote omitted).[5] We agree with the trial court's determination that the Lohmans' Petition to Fix Fair Market Value was untimely filed.[6]

Further, the Lohmans' arguments concerning res judicata and collateral estoppel do not save the untimely filing of their Petition to Fix Fair Market

_____

[5] The trial court additionally noted that the bankruptcy court did not obtain jurisdiction to consider any petition filed pursuant to the Deficiency Judgment Act because the Lohmans did not request the removal of their Petition to Fix Fair Market Value to the bankruptcy court, and Tayfur did not request removal of the mortgage foreclosure action to the bankruptcy court. See Opinion and Order, 9/19/17, at 7 (unnumbered). The trial court also noted that the Lohmans did not attempt to seek relief from stay. See id. at 6-7 (unnumbered).

[6] Moreover, contrary to the Lohmans' assertions, Tayfur raised the issue of the six-month limitation in his Answer to the Lohmans' Petition to Fix Fair Market Value before filing for bankruptcy.

Value. Notably, the Lohmans filed their Petition to Fix Fair Market Value before Tayfur filed for Chapter 13 bankruptcy. However, res judicata and collateral estoppel are applied to prevent the relitigation of claims and issues in subsequent proceedings. See Radakovich v. Radakovich, 846 A.2d 709, 715 (Pa. Super. 2004) (stating that "[p]ursuant to the doctrine of res judicata, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the cause of action."); Nelson v. Heslin, 806 A.2d 873, 876-77 (Pa. Super. 2002) (stating that "[t]he doctrine of collateral estoppel … operates to prevent questions of law or issues of fact which have once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit."). Additionally, although the Lohmans characterize Tayfur's Petition to Mark Judgment Satisfied, Released and Discharged as a new suit, or an attempt to relitigate the bankruptcy court's determination, Tayfur's Petition was instead supplemental to the mortgage foreclosure proceedings. See Opinion and Order, 9/19/17, at 8 (unnumbered) (stating that Tayfur's Petition "was properly filed in [the trial court] as supplemental to the Butler County mortgage foreclosure proceeding."). Thus, we conclude that the bankruptcy proceedings (which were not commenced until after the six-month limitation had expired), and the bankruptcy court's determination regarding the Lohmans' unsecured claim, have no bearing on the issues contained in the prior, untimely Petition to Fix Fair Market Value.

Based upon the foregoing, we conclude that the trial court correctly determined that Tayfur was entitled to the presumption that the Judgment had been satisfied due to the Lohmans' untimely filing of their Petition to Fix Fair Market Value, and that the Lohmans were not entitled to the entry of summary judgment in their favor. See Conestoga Bank, supra. We therefore affirm the trial court's Order denying the Lohmans' Motion for Summary Judgment, and granting Tayfur's Petition to Mark Judgment Satisfied, Released and Discharged.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2018